[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 10, 1997
On February 7, 1997 the court issued its memorandum of CT Page 2673 decision after trial with respect to the disputed issues concerning the first count of the plaintiff's complaint. (For purposes of trial, the court bifurcated the three counts of the complaint and tried the first count only.) The court found for the plaintiff on both special defenses filed by the two defendants and ruled that the plaintiff's mechanic's lien was valid. Judgment of foreclosure of the mechanic's lien was entered on the first count of the complaint on March 3, 1997. The second and third counts of the complaint remain in abeyance.
The defendant Conrad Tarte is the owner of the equity in the premises which are subject to the mechanic's lien. He has indicated to the court his desire to appeal now from the judgment on the first count of the complaint without the necessity of awaiting trial on the remaining counts of the plaintiffs complaint. The court has heard all parties on the issue of whether the defendant Tarte should be permitted to appeal from the judgment on the first count of the plaintiff's complaint only. None of the parties objects to an immediate appeal.
Practice Book § 4002C, effective since September 3, 1996, provides that a judgment which disposes of fewer than all the causes of action in a complaint may be an appealable final judgment upon a certain finding by the trial court and concurrence therewith by the chief judge of the court having appellate jurisdiction. This court finds that the issues resolved by the judgment on the first count of the plaintiffs complaint are of such significance to the determination of the outcome of the case that the delay incident to the appeal will be justified.
The relief sought in the second and third counts of the plaintiff's complaint is sought in alternative to the first count. The second and third counts, which allege fraudulent conveyance and unjust enrichment, will be pursued by the plaintiff only if the judgment on the first count is reversed. If the judgment on the first count finding the mechanic's lien valid is upheld, the relief requested in the remaining counts is unnecessary. Under these circumstances, an immediate appeal of the judgment on the first count will promote judicial economy and save the parties the additional expense of a trial which may prove to have been unnecessary. The court hopes that the chief judge of the Appellate Court will concur in the finding that the significance of an immediate appeal of the judgment on the first Count justifies the delay incident to that appeal. CT Page 2674
VERTEFEUILLE, J.